BENJAMIN TOWNSEND, defendant b. app'lt. *vs.* JOHN STEWARD plaintiff b. resp't

The transcript filed before a justice of the peace in an action of trespass, is not evidence on an appeal. It is filed as the initiative of proceedings in the appellate court, where the cause proceeds on the pleadings *there* had.

If the declaration in such appeal do not correspond with the statement, this cannot be objected to after pleading to issue.

But the transcript must show the jurisdiction below, and the right of appeal. The want of this may be objected to at any time.

THIS was an appeal from the judgment of a justice of the peace. The declaration was in trespass for killing the plaintiff's ox.

The plaintiff proposed to prove, that Townsend took the ox and appropriated him to his own use. This was objected to, because there was no count de bonis asportatis.

*Wales.*—The statement filed before the justice, complained not merely of killing the steer, but of the appropriating it to defendant's

own use. The statement before the justice, is a part of the proceed-
ing to which we may look, and must look; for this being an appellate
court, the proceedings here *must* be the same as in the court below.
(1 *Binn. Rep.* 219; 3 *Ib.* 45.)

*W. H. Rogers.*—The statement before the justice is no part of the
record here. The transcript must be filed to give this court juris-
diction of the case; but that being done, the case proceeds here as
if begun de novo, by declaration plea, and issue.

*By the Court.*—The transcript of the justice is filed in this court
to give it cognizance of a case, of which it has appellate jurisdiction.
The proceedings here, commence by declaration, and proceed as
in other cases. For the cause of action, we look only to the plain-
tiff's declaration. We can try no other issues than such as are
joined upon the allegations in that declaration. If the plaintiff
has omitted from his declaration, any matter contained in his own
statement of the injury before the justice, it is his own voluntary
waiver of that part of his claim. The defendant has no opportunity
to plead to such matter, and the jury are not sworn to try it.

It has often been decided that the proceedings below were no
evidence on the appeal, and that it was improper even to allude to
them, further than to state that the cause came up on appeal. If
the proceeding on appeal does not correspond, as to the nature of
the claim, or cause of action, with the proceedings below, as shown
by the transcript, objection might be taken to this by motion to dis-
miss the appeal, or other appropriate form of remedy; but not after
pleading to issue upon the claim as presented in this court. Much
less can the plaintiff object to his own declaration, that it is not in
conformity with his complaint below. It has been decided in this
court, that where the court has jurisdiction of the subject and of the
parties, any objection to the jurisdiction founded on the mode in
which the suit is brought into court, must be made at the earliest
stage; or it will be considered as waived. In the present case, if the
omission of the plaintiff to state in his declaration a part of the com-
plaint which he made below, be any objection to the regularity of
the proceedings, it is certainly not one that he can take advantage
of at any time; much less after issue joined on other matters which
are within the jurisdiction both of the justice, and of this court.

The statement of the cause of action filed before the justice, can-
not be read on this trial, either as evidence, or as presenting any
ground for the admission of evidence. There is no issue in the

cause on a complaint of taking and carrying away this ox or steer, and no evidence of it is admissible.

                 Evidence ruled out. Defendant had a verdict.

*Wales,* for plaintiff.

*W. H. Rogers,* for defendant.